UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUSTEE COMPANY AS TRUSTEE FOR THE HARBORVIEW MORTGAGE LOAN TRUST 2007, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM CUTLIP,<br><br>Defendant. | Case No. 16-CV-07148-LHK<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME; ADOPTING REPORT AND RECOMMENDATION; AND REMANDING CASE**<br><br>Re: Dkt. Nos. 21, 23 |

Before the Court is the Report and Recommendation of Magistrate Judge Nathaniel Cousins to disregard Defendants' notice of appeal and remand the instant case to the Santa Clara County Superior Court, ECF No. 21, as well as Defendants' Motion for Extension of Time to File Response/Reply ("Motion"), ECF No. 23. Having considered Defendants' Motion, the Report and Recommendation, the relevant law, and the record in this case, the Court DENIES Defendants' Motion and REMANDS the case to the Santa Clara County Superior Court.

**I. BACKGROUND**

On December 14, 2016, Defendants filed a notice of removal in an attempt to remove the

1 case from the Santa Clara County Superior Court to this Court. ECF No. 1. However, Defendants did not attach the complaint to the notice of removal. *Id.* On December 19, 2016, Magistrate Judge Cousins file a sua sponte judicial referral for purpose of determining the relationship between the instant case and a case involving the same parties currently pending before Judge Freeman. ECF No. 4. However, Judge Freeman found that because the complaint had not been attached to the notice of removal, Judge Freeman could not determine the extent of the relationship. ECF No. 5. Therefore, Judge Freeman declined to relate the cases without prejudice. *Id.*

On December 20, 2016, Magistrate Judge Cousins filed a "Notice of Deficiency" stating that the case would be remanded to state court unless Defendants filed a copy of the complaint and all other "process, pleadings, and orders" in the case by January 3, 2017. ECF No. 6. On December 27, 2016, Plaintiff filed a motion to remand, followed by a motion to expedite the briefing schedule for the motion to remand. ECF Nos. 7–8.

Magistrate Judge Cousins granted the motion for an expedited briefing schedule on December 27, 2016. ECF No. 10. On December 28, 2016, Defendants filed a motion for enlargement of the briefing schedule. Then, on January 11, 2017, Defendants attempted to appeal the order expediting the briefing schedule. ECF No. 13.

On February 6, 2017, Magistrate Judge Cousins granted the motion for an enlargement of time and issued an order to show cause why Defendants' notice of appeal should not be disregarded. ECF No. 17. The order gave Defendants until February 13, 2017, to file the complaint and all other process, pleadings, and orders from the state court proceedings.

Defendants did not comply with the Court's order, but instead on February 13, 2017, Defendants declined to proceed before a magistrate judge and requested reassignment to a district court judge. ECF Nos. 19–20. On February 14, 2017, Magistrate Judge Cousins filed the instant report and recommendation, which recommended that the district court disregard Defendants' notice of appeal and remand the case to state court. ECF No. 21. On February 15, 2017, Defendant filed the instant motion for extension of time. ECF No. 23. On February 21, 2017, Defendants

2

Case No. 16-CV-07148-LHK
ORDER DENYING MOTION FOR EXTENSION OF TIME; ADOPTING REPORT AND RECOMMENDATION; AND REMANDING CASE

filed a second notice of appeal to the Ninth Circuit appealing Magistrate Judge Cousins's orders adjusting the briefing schedule and requesting reassignment of the case. ECF No. 24. On March 1, 2017, Defendants filed objections to the Report and Recommendation. ECF No. 26. On March 3, 2017, the Ninth Circuit dismissed both of Defendants' appeals. ECF No. 27.

## II. LEGAL STANDARD

A defendant may remove an action to federal court if the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law when the plaintiff pleads a federal cause of action, and when a state cause of action "discloses a contested and substantial federal question." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13, 315 (2005) (finding federal jurisdiction when the meaning of a federal statute was an essential element of the state law claim and actually in dispute). Defenses or counterclaims based on federal law do not create federal subject matter jurisdiction. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009). Original federal jurisdiction also exists in diversity suits—cases where the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. 28 U.S.C. § 1332. Every federal court has an independent obligation to examine its own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Under 28 U.S.C. § 1446(a), a Defendant removing an action to federal court must file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

## III. DISCUSSION

The Court first addresses Defendants' motion for an extension of time. Magistrate Judge

3

Case No. 16-CV-07148-LHK
ORDER DENYING MOTION FOR EXTENSION OF TIME; ADOPTING REPORT AND RECOMMENDATION; AND REMANDING CASE

1    Cousins already granted Defendants an extension of time to comply with the December 20, 2016

2    order requiring Defendants to file the complaint and other documents in this case as required by 28

3    U.S.C. § 1446(a). ECF No. 6; ECF No. 17. Specifically, Magistrate Judge Cousins extended

4    Defendants' deadline to comply with § 1446(a) from January 3, 2017 to February 13, 2017. ECF

5    No. 17. However, on February 13, 2017, instead of complying with the Court's order, Defendants

6    filed a notice of declination to proceed before a magistrate judge and filed a "Notice and

7    Instructions to the Court Clerk." ECF Nos. 19–20.

8         Subsequently, after Magistrate Judge Cousins filed the report and recommendation,

9    Defendants filed the instant motion for an extension of time to comply with § 1446(a). ECF No.

10   23. However, Defendants' conduct up to this point demonstrates that Defendants have no intention

11   to comply with the Court's order, but are instead engaged in gamesmanship to delay remand to

12   state court. Defendants have had over two months to perform the simple task of filing the

13   complaint in this case, and yet Defendants have failed to do so. A further extension of time is not

14   warranted. The Court therefore DENIES Defendants' motion for an extension of time. ECF No.

15   23.

16        Additionally, having reviewed the Report and Recommendation, as well as the record in

17   this case, the court finds that the Report and Recommendation is well-founded in fact and in law

18   and, therefore, adopts the Report and Recommendation. The Report and Recommendation

19   recommends that the Court disregard Defendants' notice of appeal of Magistrate Judge Cousins'

20   order adjusting the briefing schedule and that the Court remand the instant case to state court. The

21   Court need not address the portion of the Report and Recommendation recommending that the

22   Court disregard Defendants' notice of appeal because on March 3, 2017, the Ninth Circuit

23   dismissed Defendants' appeal as well as Defendants' second appeal filed on February 21, 2017.

24   ECF No. 27.

25        Additionally, having considered the Report and Recommendation and Defendants'

26   objections, the Court agrees with the Report and Recommendation that Defendants have not

27

4

28   Case No. 16-CV-07148-LHK
ORDER DENYING MOTION FOR EXTENSION OF TIME; ADOPTING REPORT AND RECOMMENDATION;
AND REMANDING CASE

established federal subject matter jurisdiction over this case. Specifically, despite repeated opportunities, Defendants have failed to attach the complaint to the notice of removal as required by 28 U.S.C. § 1446(a). Therefore, Defendants have given the Court no grounds to determine subject matter jurisdiction.

For these reasons, the Court ADOPTS the Report and Recommendation and REMANDS the instant case to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: March 15, 2017

_____
LUCY H. KOH
United States District Judge

Case No. 16-CV-07148-LHK
ORDER DENYING MOTION FOR EXTENSION OF TIME; ADOPTING REPORT AND RECOMMENDATION; AND REMANDING CASE